UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLENE ROSETTE

CIVIL ACTION

VERSUS

PNK (BATON ROUGE) PARTNERSHIP

NO.: 17-CV-00015-BAJ-EWD

RULING AND ORDER

Before the Court is Charlene Rosette's ("Plaintiff") **Motion to Review Taxation of Costs (Doc. 60)**. PNK (Baton Rouge) Partnership ("Defendant") filed an opposition to Plaintiff's motion (Doc. 61). Plaintiff filed a response to Defendant's opposition. (Doc 62). For the reasons stated below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART.**

I. FACTUAL BACKGROUND

This matter arises from a complaint filed on January 9, 2017. (Doc. 1). Plaintiff claimed that she faced a hostile work environment and retaliation by her superiors due to Plaintiff's desire to contact senior management officers about one of Plaintiff's managers being intoxicated at work and stealing employees' tips. (*Id.*). Plaintiff complained that the harassment became so prevalent that she was forced to file an EEOC complaint, which only further increased the harassment she faced. (*Id.*). Plaintiff claims that she was terminated on August 28, 2015. (*Id.*). Plaintiff filed a second EEOC complaint on October 5, 2015. (Doc. 1-5 atp. 1). Plaintiff's claims culminated in the Court entering an order dismissing Plaintiff's complaint on

1

Defendant's motion for summary judgment. (Doc. 57). In its ruling, the Court found that Plaintiff was unable to meet the prima facie case for claims of race-based discrimination, as Plaintiff had not made clear from the EEOC complaint that race based discrimination was one of her claims. (Doc. 57 at p. 8). The Court further found that Plaintiff had not established a proper comparator for her race-based discrimination claim – someone who was similarly situated to Plaintiff, but treated more favorably. (*Id.*).

Concerning Plaintiff's retaliation claim, the Court found that Plaintiff did not plead relevant facts that would lead the Court to believe that she had been retaliated against for reporting activities barred by Title VII, which protects individuals on the basis of "race, color, religion, sex, and national origin." The Court found that even if it were true that Plaintiff's manager came to work intoxicated and stole tips from the staff, such misdeeds were not discriminatory on the basis of race, color, religion, sex, or national origin. (*Id.* at 11). The Court also found that Plaintiff did not have a "reasonable belief" that her supervisor's activities were unlawful under Title VII, but that her ultimate complaint to management contained allegations of race discrimination, and therefore could be addressed under Title VII. (*Id.*). After assuming *arguendo* that Plaintiff established the *prima facie* case for race-based discrimination under Title VII, the Court found that Plaintiff failed to rebut Defendant's assertion of a legitimate, non-retaliatory reason for her termination. (*Id.* at p. 14). Plaintiff's case was dismissed with prejudice on June 19, 2018. (*Id.*).

Defendant filed an application to tax costs on July 3, 2018. (Doc. 58). No response to the application to tax costs was submitted by Plaintiff. An order taxing costs in the amount of $2,763.72 was entered against Plaintiff on August 28, 2018. (Doc. 59).

## II. ARGUMENTS

Plaintiff first argues that while the United States Court of Appeals for the Fifth Circuit has generally recognized that the prevailing party is entitled to costs incurred participating in litigation, it is ultimately the Court's discretion to determine if such costs are warranted. (Doc. 6-1 at p. 2). Plaintiff further claims that if a Court decides to excuse the unsuccessful party from paying costs, it must explain its reasoning for doing so. (*Id.*) Further, Plaintiff claims that in order for the court to excuse the unsuccessful party from paying costs, the claim must be brought in good faith, and the moving party must have met at least one of five factors set forth in *Wade v. Peterson*, 416 F. App'x 354, 356 (5th Cir. 2011)(citing *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)).[1]

Plaintiff argues that because she brought her claim against Defendant in good faith, costs should not be taxed against her. (Doc. 6-1 at pp. 2-3). Plaintiff contends that although Defendant describes her claim as "baseless" the Court found that Plaintiff met the prima facie case for race-based discrimination, and only failed to

---

[1] 1) The losing party's limited financial resources;
2) Misconduct by the prevailing party;
3) Close and difficult legal issues presented;
4) Substantial benefit conferred to the public; and
5) The prevailing party's enormous financial resources. *Wade* 416 F. App'x at 356.

3

rebut Defendant's purported non-discriminatory reason for her termination. (*Id.*). Plaintiff avers that it was objectively reasonable for her to believe that she had a claim against Defendant, and that she did not file the instant suit in bad faith.

First, Plaintiff contends that she is of limited financial resources. (*Id.* at pp. 3-4). She argues that being assessed over $2,500.00 in fees would have a major impact on her finances, and would be unfairly burdensome. (*Id.* at p. 4). Plaintiff next asserts that there is a massive wealth disparity between herself and Defendant. (*Id.* at p. 4). Plaintiff argues that Defendant is a multi-billion-dollar entity with locations across the United States, and that it would be inequitable to make Plaintiff, a party with limited means, pay costs that are trivial to Defendant.

Plaintiff further claims that the instant matter contained close and difficult legal issues. Plaintiff claims that this case required the Court to explore the difficult question of whether plaintiffs can lodge Title VII claims in the presence of facial deficiencies on the face of an underlying EEOC charge. (*Id.* at p. 5). Plaintiff further claims that this Court had to determine whether a party could maintain a cause of action under Title VII when the complained of behavior did not involve claims of any activity covered by Title VII. (*Id.* at p. 6).

Finally, Plaintiff claims that this case conferred a substantial benefit to the public. (*Id.* at p. 8). Plaintiff argues that her complaint gave the Court the opportunity to consider the bounds of how liberally a court should construe the intent

of a layman who files a charge with the EEOC if the EEOC charge is unclear on its face. (*Id.* at p. 8).

In the alternative, because 28 U.S.C. § 1920 contains no provisions for recovery of fees for private process servers and Freedom of Information Act requests, Plaintiff's amount owed should be reduced by at least $415.00.[2] (*Id.* at p. 9). Plaintiff argues that only in exceptional circumstances should a party be awarded costs for the use of a private process server. (*Id.*). Plaintiff claims that Defendant has not established that there was an exceptional circumstance present justifying costs being awarded for use of a private process server. (*Id.*). Furthermore, Plaintiff asserts that costs for Freedom of Information Act requests fall outside of the explicit language of 28 U.S.C. § 1920.

Defendant cites Local Rule 54, which explicitly states, in relevant part,

> (d) Objections. Specific objections may be made within fourteen days to any item of costs supported by affidavit or other evidence, which may be rebutted. The Clerk of Court shall thereupon tax the costs.

(Doc. 61 at p. 1). Defendant claims that Plaintiff failed to object to the assessment of costs in a timely fashion. (*Id.*). It further claims that Plaintiff does not meet any of the five *Wade* factors, that Plaintiff has never asserted pauper status, and that there're is no indication that she cannot pay the costs awarded to Defendant. (*Id.* at

---

[2] On the Court's review of the record, it is unclear why Plaintiff requests the taxation of costs to be reduced by exactly $415.00. It does not appear that any combination of individual components listed in the taxation of costs amounted to $415.00. Furthermore, the portions of the costs that Defendant specifically challenges, the use of private process servers and the costs of obtaining and making copies of Plaintiff's EEOC complaint, are either not included, or were not specifically set forth in the final taxation of costs.

5

p. 2). Furthermore, Defendant argues that it is an untenable position to claim that simply because Defendant is financially successful, that it should not recoup its reasonable litigation costs in what it considers "frivolous" litigation. (*Id.* at pp. 2-3). Defendant further asserts that there were no "close and difficult" legal issues to be determined by the Court, as there was no need for a trial in the matter. (Id. at p. 3). Defendant also contends that Plaintiff could not establish the *prima facie* case for race-based discrimination without the Court assuming *arguendo* that Plaintiff had exhausted her administrative remedies through her facially defective EEOC complaint. (*Id.*).

Finally, Defendant claims that it is entitled to recover the costs associated with making copies of documents discovered via Defendant's Freedom of Information Act request as there is no case law or statutory authority stating otherwise. Defendant cites 28 U.S.C. § 1920 which allows recovery for "[f]ees and disbursements for printing and witnesses, and fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case." Defendant asserts that Plaintiff does not argue that the EEOC documents were unnecessary, and therefore makes no valid argument against recovery of costs for copies made or requested.

## III. ANALYSIS

There is a rebuttable presumption that a victorious party shall be awarded costs incurred by participating in the litigation. *Salley v. E.I. DuPont de Nemours &*

Co., 966 F.2d 1011, 1017 (5th Cir. 1992). In relevant part, Federal Rule of Civil Procedure 54(d) provides the following:

> Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party. . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

The Court has the authority to deny fees that otherwise would be awarded to the prevailing party as a matter of course.

The Court declines to excuse Plaintiff's responsibility to pay Defendant's costs. Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Further, the prevailing party is *prima facie* entitled to costs. *Id.* The denial of costs is akin to a penalty against the prevailing party. *Id.* Further, the Supreme Court of the United States found that costs are to be denied "only when there would be an element of injustice in a cost award." *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981). Good faith filing alone does not relieve the unsuccessful party's obligation to pay the costs of the prevailing party. *Id.* at 795. "If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d)(1) would have little substance remaining." *Id.*

The Court finds that although Plaintiff's lawsuit was filed in good faith, she has not established that there would be an element of injustice in assessing costs to her. Even if Plaintiff were to establish each of the *Wade* factors, however, Plaintiff is not *entitled* to a reduction of fees. Plaintiff claims that she has very little money, while

7

Defendant is a multi-billion-dollar operation, but this alone does not establish that it would be unjust to subject Plaintiff to cost payments as the unsuccessful party. Further, allowing an income disparity to determine whether costs should be paid creates a situation in which financially successful parties may be forced to bear the costs of a multitude of lawsuits filed by parties who have no reason to be concerned about the financial impact of such litigation on their opponents or themselves.

The Court further finds that Plaintiff's arguments that this lawsuit involved "close and difficult" legal issues which benefitted the public in some way are unavailing. The issues presented in this matter were unique, as are many questions of law that proceed to the summary judgment stage of litigation. This case ultimately was dismissed at the summary judgment stage by utilizing well settled law. The disposition of this case did not significantly broaden the scope Title VII jurisprudence. Plaintiff has failed to establish that it would be unjust for her to pay Defendant's costs of litigation.

Plaintiff claims that payment of costs associated with Freedom of Information Act requests are not permitted. The Court finds that 28 U.S.C. § 1920 clearly provides for recovery of costs associated of making copies of materials necessarily obtained for use in the case. No party has disputed the fact that the EEOC complaints filed by Plaintiff and obtained by Defendant through the Freedom of Information Act were necessary for the case. Defendant is entitled to costs associated with requesting, making, and disseminating copies of these documents in preparation for this case.

Finally, concerning costs associated with service of process, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010). The Court agrees with Plaintiff's argument that no exceptional circumstances have been shown or even alleged that would justify Plaintiff's payment for Defendant's use of a private process server. Furthermore, Defendant does not seem to address this argument in its response to Plaintiff's motion. Therefore, the Court shall reduce the amount Plaintiff's owes by however much Plaintiff was charged for Defendant's use of private process servers. As Plaintiff's motion does not clearly define the amount attributable to Defendant's use of private process servers, Plaintiff shall provide the Court with an accounting of costs associated with Plaintiff's use of private process servers.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Review Taxation of Costs (Doc. 60)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's request for the Court to order that Defendant's bill of costs not be taxed against her is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for the Court to order that Defendant's bill of costs be reduced by an amount reflecting costs incurred by requesting and making copies of the EEOC complaint is **DENIED**.

9

**IT IS FURTHER ORDERED** that Plaintiff's request for the Court to order that Defendant's bill of costs be reduced by an amount reflecting costs incurred by utilizing a private process server is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit to the Court an accounting of the amounts Defendant expended utilizing a private process server. Defendant shall have seven (7) days from receipt of the accounting to lodge any objections it may have to the amounts alleged.

Baton Rouge, Louisiana, this 20th day of May, 2019.

---
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA